## Office of Disciplinary Counsel v. Neil

Disciplinary Board Docket no. 215 D.B. 2003.

SHEERER, *Member,* November 23, 2004—On September 10, 2003, petitioner, Office of Disciplinary Coun-

sel (ODC), filed with the Pennsylvania Supreme Court a petition for adjudication of contempt, requesting that the Supreme Court issue a rule upon respondent, David MacGregor Neil, to show cause why he should not be held in contempt for willful violation of the Supreme Court's order of March 25, 2003, and why the matter should not be referred to the Disciplinary Board for a hearing to recommend an appropriate sanction. The order of March 25, 2003, transferred respondent to inactive status pursuant to Rule 111(b), Pa. R.C.L.E. for failure to complete the annual Continuing Legal Education requirements. A rule to show cause was issued by the Supreme Court on November 18, 2003. Respondent did not file a response to the rule to show cause. Petitioner filed a petition to make the rule absolute on December 12, 2003. By order of December 29, 2003, the Supreme Court granted a petition for adjudication of contempt and held respondent in contempt for failure to comply with the order of March 25, 2003. The court referred the matter to the Disciplinary Board for a hearing to recommend the appropriate sanction.

In accordance with the order of the Supreme Court, a three-member panel of the Disciplinary Board was constituted. On July 12, 2004, Disciplinary Board Members Martin W. Sheerer, Esquire, Donald E. Wright Jr., Esquire, and William A. Pietragallo, Esquire, conducted a hearing solely on the issue of the appropriate sanction to be imposed for the respondent's contempt of the Supreme Court. Respondent was personally served on June 25, 2004, with notice of the hearing. Respondent was aware of the date of the hearing. Respondent discussed with Attorney Mark Weitzman of the Office of Disciplinary

Counsel that he was not planning to appear at the hearing. Respondent left a message on Attorney Weitzman's answering machine at the District IV office on Friday, July 9, 2004, stating his intent to not appear. Respondent stated that he had "no excuse" for his actions and admitted that he "screwed up." This message was played at the hearing for the panel to hear. Respondent did not appear at the hearing on July 12, 2004.

Respondent was admitted to the practice of law in 1982. He was transferred to inactive status pursuant to Rule 111(b), Pa.R.C.L.E. by order of the Supreme Court dated March 25, 2003, effective April 24, 2003, for failure to comply with the annual Continuing Legal Education requirements. By letter of March 25, 2003, sent to respondent by Elaine M. Bixler, executive director and secretary of the Disciplinary Board, respondent was informed of his transfer to inactive status and his obligation to comply with the rules regarding attorneys on inactive status. Respondent was further informed that in order to resume active status he was required to request reinstatement. The return receipt card reflected that respondent signed the card and received Ms. Bixler's letter. Respondent's transfer to inactive status was published on May 9, 2003, in the *Erie County Legal Journal* and on April 30, 2003, in the *Erie Times-News.*

The record demonstrates that, although respondent had knowledge that he had been transferred to inactive status, he continued to represent three clients in ongoing legal matters, accepted a retainer of $400 from a new client, and represented three new clients in legal matters. In total, respondent continued to practice law in six matters. The petition for adjudication of contempt sets

forth in detail the respondent's practice of law subsequent to April 24, 2003, the effective date of his transfer to inactive status. Respondent further failed to abide by Rule 217, Pa.R.D.E., requiring that he notify all pertinent parties of his transfer to inactive status and withdraw from pending court matters. By these acts and omissions, respondent has willfully disregarded the Supreme Court's order of March 25, 2003.

The circumstances of this matter are aggravated by respondent's failure to appear for the hearing and his disciplinary history of two informal admonitions. Respondent received informal admonitions in May 1997 and October 2002 for neglect of client matters.

Petitioner made a recommendation of a one year and one day suspension.

After careful consideration of the facts of this matter, the board panel is persuaded that a one year and one day suspension is an appropriate sanction to address the misconduct in this matter. Respondent violated a Supreme Court order, which prohibited him from practicing law until he was in compliance with the CLE credits requirements and was reinstated by the court. Respondent had knowledge of the order both by certified letter and publication. Respondent chose to not appear and defend himself, instead informing petitioner that "what will happen will happen."

The appropriate sanction is a suspension of one year and one day.

## ORDER

And now, December 22, 2004, upon consideration of opinion and recommendation of the three-member panel

of the Disciplinary Board dated November 23, 2004, it is hereby ordered that David MacGregor Neil is suspended from the practice of law in the Commonwealth of Pennsylvania for a period of one year and one day, and he shall comply with all the provisions of Rule 217, Pa.R.D.E.